```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      |
SECURITIES AND EXCHANGE               |
COMMISSION,                           |
                                      |
            Plaintiff,                |
                                      |
    -against-                         |
                                      |
COBALT MULTIFAMILY INVESTORS I,       |   06 Civ. 2360 (KMW) (MHD)
INC., et al.,                         |
                                      |   OPINION AND ORDER
            Defendants,               |
                                      |
            and                       |
                                      |
VAIL MOUNTAIN TRUST,                  |
                                      |
            Relief Defendant.         |
                                      |
--------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

On March 27, 2006, the Securities and Exchange Commission (the "Commission") commenced this lawsuit, alleging that Defendants Mark A. Shapiro, Irving J. Stitsky, and William B. Foster (collectively, the "Individual Defendants") engaged in a massive fraud on the investing public. The Commission alleges that the Individual Defendants set up a series of related entities known as Cobalt, and then issued numerous false and misleading private placement memoranda and brochures, and engaged in a widespread cold-calling scheme to persuade members of the public to invest millions of dollars in the Cobalt entities. The Individual Defendants allegedly then siphoned off much of the invested funds for their own personal use, and for other fraudulent purposes.

By report and recommendation, dated December 28, 2007 (the "Report"), familiarity with which is assumed, Magistrate Judge Michael H. Dolinger addressed a series of motions filed by the Commission and the court-appointed receiver for the Defendant Cobalt entities (the "Receiver"), including (1) the Commission's application for a default judgment against the Cobalt entities, (2) the Receiver's motion for an interim award of fees and other expenses, (3) the Commission's motion to discharge the Receiver, and (4) the Commission's motion for consideration and adoption of a plan for distribution of the receivership assets.

The Report recommended that (1) the Commission's motion for default judgment be granted in part and denied in part, (2) the Receiver's motion for an interim award of fees and expenses be denied without prejudice, (3) the Commission's motion to discharge the Receiver be denied, but that the Receiver's role be hereafter limited to certain discrete tasks, and (4) the Commission's motion for consideration and adoption of a distribution plan be granted. (Report 48-49.) The Receiver filed timely written objections to portions of the Report. For the reasons set forth below, the Court adopts the Report's recommendations with respect to each of these motions.

## DISCUSSION

**I. STANDARD OF REVIEW.**

The standard of review applied to a magistrate judge's order

varies depending on whether the matters addressed by the order are dispositive or nondispositive. Dispositive matters involve the resolution of "substantive claims for relief rather than mere issues in the litigation." AMEX, LLC v. Mopex, Inc., 215 F.R.D. 87, 92 (S.D.N.Y. 2002). By contrast, nondispositive matters generally involve the resolution of discovery disputes, and other collateral pretrial issues. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

Where the magistrate judge's ruling addresses a dispositive issue, the Court must make "a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b) (2007). Where the ruling addresses a nondispositive issue, the Court will set aside or modify a magistrate judge's disposition of that issue only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Chen v. Bd. Of Immigration Appeals, 435 F.3d 141, 145-46 (2d Cir. 2006) (quoting Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 855 (1982)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Collens v. City of New York, 222 F.R.D. 249, 251

(S.D.N.Y. 2004) (internal quotations omitted).

Where no objections are filed against a magistrate judge's order, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; see also FDIC v. Hillcrest Assocs., 66 F.3d 566, 569 (2d Cir. 1995); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

**II. THE REPORT'S RECOMMENDATIONS AND THE RECEIVER'S OBJECTIONS.**

*A. The Commission's Motion for Default Judgment.*

With respect to the Commission's application for default judgment against the Cobalt entities, the Report recommends that the application be granted, and that, for relief, the Court issue (1) a permanent injunction enjoining the Cobalt entities from committing any further violations of federal securities law, and (2) an order of disgorgement in the amount of $24,672,600.00, a sum representing the approximate amount of the funds invested in the Cobalt entities by defrauded investors, together with prejudgment interest through March 1, 2007. (Report 23.) The Report further recommends denying without prejudice the Commission's request for the imposition of penalties on the Cobalt entities. (Report 25.) The Receiver objects only to the recommended order of disgorgement, arguing that the Court must first conduct an inquest into damages before entering such an

4

order.  (Receiver's Mem. Law Supp. Objections 3.)

To the extent that no party has filed objections to the entry of default judgment against the Cobalt entities, the issuance of a permanent injunction, and the denial without prejudice of the Commission's request for the imposition of penalties, the Court has reviewed the Report's analysis of these issues and finds it to be free of clear error on the face of the record.  The Court therefore adopts in full the Report's analysis with respect to these issues, which is set forth in pages 9-25 of the Report.

As for the Receiver's specific objections to the Report's recommended order of disgorgement, the Court has reviewed this issue de novo and agrees with the Report's conclusions.  See Cohen v. City of New York, No. 05 Civ. 6780, 2007 WL 2789272, at *3 (S.D.N.Y. Sept. 25, 2007) (treating magistrate's ruling on damages issue as dispositive); Schwartz v. Chan, 142 F. Supp. 2d 325, 329 (E.D.N.Y. 2001) (reviewing de novo magistrate's recommendation with respect to damages).  As the Report correctly states, "the trial court has broad discretion to adopt procedures for the assessment of monetary awards and other relief in the face of default, including reliance on affidavits or documentary evidence proffered by the plaintiff in lieu of an evidentiary hearing."  (Report 17 (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).)

In this case, the Report properly concluded that the evidence submitted with respect to the issue of damages, which included detailed reports by the Receiver himself based on his own investigation of the alleged fraud, was sufficient to form a basis for the recommended order of disgorgement. (Report 16-18, 22-23; see Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (upholding damages award upon default where "the District Court relied upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record").) The Court therefore adopts the Report's recommendation that the default judgment include an order of disgorgement in the amount specified by the Commission. (Report 25.)

### B.  *The Receiver's Motion for an Interim Award of Fees and Expenses.*

With respect to the Receiver's motion for an interim award of fees and expenses, the Report recommends that the Court deny the motion without prejudice, and that the determination of this issue be reserved until the Court considers the Commission's proposed plan for distribution of the receivership assets. (Report 38.) The Receiver objects to this recommendation to the extent that it denies (1) fees and expenses to certain professionals he has hired to perform tasks on behalf of the receivership (the "receivership professionals"), and (2) expenses to the Receiver himself, and his law firm, Paduano & Weintraub

6

LLP ("P&W"). (Receiver's Mem. Law Supp. Objections 6-7.) The Receiver argues that because "most of the legal work the [receivership professionals] have performed has concluded," and that the "vast majority" of his and his law firm's own claimed expenses are "unrelated" to the remaining tasks of the receivership, it would be "unjust and inequitable" to delay the payment of the requested fees and expenses until a later date. (Receiver's Mem. Law Supp. Objections 7-8.)

As an initial matter, to the extent that the Receiver does not object to the Report's recommendation that consideration of his own request for fees (as opposed to his request for expenses, which he raises in his objections) be reserved until consideration of the Commission's asset distribution plan, the Court finds the Report free of clear error on the record, and adopts its recommendation with respect to this issue.

As for the Receiver's specific objections to the Report's fees and expenses recommendations, the Court has reviewed the Report's determination of this issue de novo and agrees with the Report's conclusions. See Chapman v. New York State Division for Youth, No. 01 Civ. 867, 2007 WL 2437282, at *3 (N.D.N.Y. Aug. 21, 2007) (reviewing magistrate's ruling on a motion for fees as dispositive); Choudhury v. Barnhart, No. 04 Civ. 0142, 2005 WL 2592048, at *1 (S.D.N.Y. Oct. 11, 2005) (noting that Federal Rule of Civil Procedure 54(d)(2)(D) dictates that "district courts

should treat motions for attorneys' fees as 'dispositive pretrial matter[s]' for purposes of reviewing objections to a magistrate judge's decision"). With respect to the Receiver's application for the fees and expenses of the receivership professionals, the Report correctly found that given the limited assets of the Cobalt entities currently on hand, and the fact that the Receiver has conceded that he would not have filed this application but for the Commission's now-abandoned plan to pursue a bankruptcy option, "none of the receivership professionals have a sufficiently pressing need for immediate compensation to justify draining the estate at this point of nearly all of its assets." (Report 34.) Similar reasoning applies to the Receiver's own application for an interim award of expenses - there is no evidence that the Receiver's need for such an award is "sufficiently pressing" to warrant draining the limited assets of the Cobalt estate. (Report 34.)

Thus, deferring consideration of the Receiver's fees and expenses application until the Court's review of the Commission's asset distribution plan safeguards the limited receivership assets currently available, while imposing no undue hardship on the Receiver or the receivership professionals. (Report 35.) The Court therefore adopts the Report's analysis on this issue,

which is set forth in pages 32-38 of the Report.[1]

### C. *The Commission's Motion to Discharge the Receiver.*

With respect to the Commission's motion to discharge the Receiver, the Report recommends that the Court deny the motion as presented, and instead specify that the Receiver's role be hereafter limited to (1) pursuing certain pending lawsuits commenced by the Receiver on behalf of the Cobalt entities, (2) providing an accounting of the receivership upon further instruction by the Court, and (3) addressing any issues raised in the course of the recommended notice-and-comment process regarding the Commission's proposed plan for distribution of the receivership assets.[2] (Report 48-49.) The Receiver objects to this recommendation, arguing that "[t]here remains significant work to be done," and that limiting his role would require him to "address [any future responsibilities outside the scope of the recommended limitation] with the Court pursuant to separate

---

[1] The Court expresses no opinion regarding the reasonableness of the amount of fees and expenses claimed by the Receiver, nor does the Court adopt the Report's dicta addressing the appropriate method by which to determine the reasonableness of the amount requested. (Report 35-38.) As discussed above, that determination shall be reserved until the consideration of the Commission's proposed plan for distribution of the receivership assets.

[2] The Report also recommended that any work by the Receiver on the pending lawsuits be compensated on a contingency-fee basis. (Report 49.) By Stipulation and Order, dated February 6, 2008, the Commission and the Receiver agreed to, and the Court approved, such a contingency-fee arrangement, thereby resolving any objections the parties may have lodged against the Report's recommendation on this point.

motion practice, which would be time consuming and inefficient." (Receiver's Mem. Law Supp. Objections 10.)

The appropriate standard of review applicable to the Report's ruling on this motion is unclear. On one hand, the Report's determination of this motion does not resolve any substantive claims for relief, which suggests that the Court should apply the "clearly erroneous or contrary to law" standard. On the other hand, discharge of the Receiver would effectively terminate the pending litigations and the claims asserted therein, which suggests that the Court should apply the more stringent de novo review standard. The Court need not resolve this ambiguity, however, because under either standard of review, the Court agrees with the Report's recommendations on the instant motion.

As the Report correctly found, the Receiver's principal duties with respect to marshaling the assets of the Cobalt entities are largely complete, with the exception of certain discrete tasks that need to be completed in order to ensure that the defrauded investors receive adequate relief. (Report 39-40.) At the same time, the Report also correctly acknowledged that the Receiver's "occasionally profligate expenditure of time and money" in pursuing his duties is potentially detrimental to the interests of the Cobalt estate. (Report 40.) The Report's recommendation to maintain the Receiver in a limited capacity

thus strikes an appropriate balance between addressing the interests of the estate and the defrauded investors, and imposing needed oversight over the Receiver's activities.  Accordingly, the Court adopts the Report's analysis on this issue, which is set forth in pages 38-41 of the Report.

> **D.   *The Commission's Motion for Consideration and Adoption of a Plan for the Distribution of the Receivership Assets.***

With respect to the Commission's motion for consideration and adoption of an asset distribution plan, the Report recommends adopting the notice-and-comment procedure proposed by the Commission, which is detailed on pages 42-43 of the Report.  The Report also recommends that before the notice-and-comment procedure begins, the Commission be ordered to supplement its proposed asset distribution plan and memorandum of law with "a written explanation of the basis for its proposal – particularly its distribution formula – for inclusion in the materials to be distributed to Eligible Claimants."  (Report 48.)  No objections have been filed with respect to these recommendations.  Reviewing the Report's analysis of this issue, the Court concludes that it is free of clear error on the face of the record.  Accordingly, the Court adopts the Report's recommendations with respect to this issue, which are set forth in pages 41-48 of the Report.

**CONCLUSION**

For the reasons set forth above, the Court rules as follows:

(1) the Commission's motion for default judgment against the Cobalt defendants (Dkt. No. 207) is granted; the Judgment, being issued today, includes (a) an order permanently enjoining the Cobalt defendants from any future violations of the federal securities laws, in accordance with those terms proposed by the Commission, and (b) an order of disgorgement of $24,672,600.00, including prejudgment interest through March 1, 2007; the Commission's additional request for the imposition of penalties is denied without prejudice;

(2) the Receiver's motion for an interim award of fees and expenses (Dkt. No. 172) is denied without prejudice;

(3) the Commission's motion to discharge the Receiver (Dkt. No. 233) is denied, but the Receiver's role is hereafter limited to (a) pursuing the pending lawsuits in <u>Cobalt v. Shapiro</u>, 06 Civ. 6468 and <u>Cobalt v. Arden</u>, 06 Civ. 6172, (b) providing an accounting of the receivership upon further direction by the Court or Magistrate Judge Dolinger,[3] and (c) addressing any

---

[3] The Court denies without prejudice the Receiver's request for authorization to pay an "accounting professional" a retainer to perform the accounting of the receivership recommended by the Report. (Receiver's Objections 3-4.) The parties shall submit their proposals as to the precise terms of such an accounting to Magistrate Judge

issues raised in the course of the notice-and-comment process regarding any proposed plan for distribution of the receivership assets and the winding-up of the receivership; the Court adds that pursuant to its Order in this case, dated February 29, 2008, because the Receiver will now be relieved of his duties save for the discrete tasks mentioned above, he shall maintain only those documents and other materials that are necessary for his pending lawsuits; all other documents and materials related to this case shall be maintained by the Commission until further order of the Court; and

(4) the Commission's motion for consideration and adoption of a plan for distribution of the receivership assets (Dkt. No. 238) is granted in accordance with the terms set forth in the Report on pages 41-48.[4]

SO ORDERED.

Dated: New York, New York
March 24, 2008

Kimba M. Wood
United States District Judge

---

Dolinger, and the Receiver may renew his request at that time.

[4] The Court further adopts the Report's recommendation, to which no objections were filed, that the Receiver's request for a stay of the Commission's lawsuit be denied. (Report 49.)

13