```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
SECURITIES AND EXCHANGE COMMISSION,  |
                                    |
             Plaintiff,              |
                                    |      06 Civ. 2360 (KMW) (MHD)
    -against-                        |
                                    |           ORDER
COBALT MULTIFAMILY INVESTOR I, LLC,  |
COBALT MULITFAMILY CO. I, LLC,       |
COBALT CAPITAL FUNDING, LLC,         |
MARK A. SHAPRIO, IRVING J. STITSKY,  |
WILLIAM B. Foster,                   |
                                    |
             Defendants,             |
                                    |
    and                              |
                                    |
VAIL MOUNTAIN TRUST,                 |
                                    |
             Relief Defendant.       |
                                    |
                                    |
------------------------------------X
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/09
```

KIMBA M. WOOD, U.S.D.J.:

The Securities and Exchange Commission (the "SEC") and the Receiver for the above-captioned Defendants (hereinafter "Cobalt") have recovered some assets that belonged to Cobalt. The SEC seeks the Court's approval of a proposed plan for distribution of these Cobalt assets (hereinafter the "Proposed Plan").[1]

The Court authorized the publication of the Proposed Plan

---

[1] The SEC submitted its proposed plan of distribution to the Court. The Court made some modifications to the SEC's plan. The Proposed Plan at issue here is the SEC's plan as modified by the Court.

1

and invited interested parties to file objections to the Proposed Plan between July 2009 and January 2009. Creditors, shareholders, investors, the Receiver, and the professionals hired by the Receiver to help recover assets (hereinafter "Receivership Professionals"), filed objections to the Proposed Plan.

On May 29, 2009, Magistrate Judge Michael H. Dolinger issued a Report and Recommendation (hereinafter the "Report"), familiarity with which is assumed. The Report explains why the objections to the Proposed Plan raised by the Receiver, the Receivership Professionals, and a "handful of shareholders and creditors" are unavailing. (Report, at 12.) The Report then recommends that the Court adopt the Proposed Plan.

Neither the parties who objected to the Proposed Plan nor any other parties have objected to the Report itself.[2] The Court, therefore, reviews the Report for clear error on the face of the record.[3] Finding none, the Court adopts the Report in its

---

[2] The Report informs the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), they had ten days from service of the Report to file any objections. No objections have been filed to the Report, and the time to object has expired.

[3] When no objections are filed to a magistrate judge's report and recommendation, a district court need only satisfy itself that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

entirety and, thus, approves the Proposed Plan.[4]

SO ORDERED.

DATED:   New York, New York
         June 24, 2009

                                    /s/ Kimba M. Wood
                                    KIMBA M. WOOD
                                    United States District Judge

---

[4] As noted in the Report, the parties' failure to object to the Report precludes appellate review of this Court's decision to adopt the Report. Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)(failure to make a timely objection to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's ultimate order).

3