```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

  -against-

COBALT MULTIFAMILY INVESTORS, I, LLC,
COBALT MULTIFAMILY CO. I, LLC,
COBALT CAPITAL FUNDING, LLC,
MARK A. SHAPIRO,
IRVING H. STITSKY, and
WILLIAM B. FOSTER,

                Defendants.
-------------------------------------------------------------X

OPINION AND ORDER

06 Civ. 2360 (KMW) (MHD)

KIMBA M. WOOD, U.S.D.J.:

I.    **Background**

On March 27, 2006, the Securities and Exchange Commission (the "SEC") commenced this lawsuit against defendants Mark A. Shapiro, Irving J. Stitsky, and William B. Foster ("Defendants"), and companies referred to herein as the "Cobalt Entities," (Cobalt Multifamily Investors I, LLC, Cobalt Multifamily Co. I., LLC, and Cobalt Capital Funding LLC), alleging that Defendants perpetrated a fraud using the Cobalt Entities."[1]

The SEC alleges that Defendants (1) made false representations about the Cobalt Entities' history and operations; (2) concealed Mr. Shapiro's and Mr. Stitsky's roles in the company and their criminal backgrounds; (3) misappropriated at least $2.6 million in investor funds; and (4) operated the Cobalt Entities as a Ponzi scheme. (See March 27, 2006 Compl., Dkt. No. 1.)

---

[1] The complaint also named Vail Mountain Trust as relief defendant. Judgment was entered against the Cobalt Entities in March 2008. (See March 24, 2008 Opinion and Order, Dkt. No. 282.)

1

On March 28, 2006, by means of an Order to Show Cause, the SEC sought preliminary injunctive relief, seeking to (1) enjoin Defendants from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated under the Exchange Act; (2) enjoin Defendant Stitsky from violating Section 15(a) of the Exchange Act; (3) freeze Defendants' assets; (4) prohibit the destruction of documents; (5) restrain the Defendants from filing a bankruptcy proceeding without notice to the Court; and (6) allow the SEC to take expedited discovery in preparing for a hearing on the Order to Show Cause. (March 25, 2006 Order to Show Cause, Dkt. No. 2.)

On July 21, 2006, the Court granted the SEC a preliminary injunction. (Dkt. No. 56.) The deadline for an answer or other response was stayed until twenty days after the resolution of criminal investigations pending against Defendants.

On November 23, 2009, Defendants were found guilty by jury verdict. (See United States v. Shapiro, 06 Cr. 357.) Defendants had twenty days from that date to answer. To date, Defendants have not responded. Accordingly, on February 16, 2011, the Clerk of the Court issued a certificate of default judgment against the Defendants. (See Dkt. No. 335, Ex. A.)

On March 3, 2011, the SEC moved for entry of a default judgment. (Dkt No. 335.) The motion seeks injunctive relief prohibiting Defendants from violating Section 10(b) and Rule 10b-5 of the Exchange Act and Sections 5(a), 5(c), and 17(a) of the Securities Act. In addition, the SEC seeks to prohibit Defendant Stitsky from violating Section 15(a) of the Exchange Act and to direct Stitsky to comply with previous SEC orders that prohibit him from associating with any broker, dealer, investment company, investment advisor, or municipal securities dealer. (Id.; see also Decl. of Nancy Brown, Esq. in Supp. of Mot. for Default J., Mar. 3, 2011.)

The motion was referred to Magistrate Judge Michael H. Dolinger. On June 14, 2011, Judge Dolinger issued a Report and Recommendation (the "R&R"), familiarity with which is assumed. (Dkt. No. 339.) In the R&R, Judge Dolinger recommended that the SEC's motion be granted.

## II.  Legal Standard

The R&R informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b)(2), they had fourteen days from service of the R&R to file any objections. No objections have been filed to the Report, and the time to object has expired.

When no objections are filed to an R&R, a district court need satisfy itself only that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (Ward, J.).

As noted in the R&R, the parties' failure to object to the R&R also precludes appellate review of this Court's decision to adopt the R&R. The Second Circuit has held that failure to timely object to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's ultimate order. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)). The Supreme Court has also upheld this practice, "at least when the parties receive clear notice of the consequences of their failure to object." Small, 892 F.2d at 16 (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

## III.  Analysis

The Court has reviewed the R&R and finds it to be well-reasoned and free of any clear error on the face of the record.

The Court thus adopts the R&R in its entirety. Accordingly, the Court (1) grants the SEC's motion for default judgment; (2) permanently enjoins Defendants from violating Section 10(b) and Rule 10b-5 of the Exchange Act, and Sections 5(a), 5(c), and 17(a) of the Securities Act; (3) permanently enjoins Defendant Stitsky from violating Section 15(a) of the Exchange Act, and (4) directs Stitsky to comply with the SEC Orders dated August 18, 1998 and September 17, 2003.[2]

The SEC shall submit a status letter to the Court by October 22, 2011, outlining how it intends to proceed with this case, and whether the case should be closed.

The Clerk of Court shall terminate Docket Entry Number 335.

SO ORDERED.

Dated: New York, New York
       October 13, 2011

*Kimba M. Wood* (signature)
Kimba M. Wood
United States District Judge

---

[2] A district court has the authority to direct compliance with a Commission order, pursuant to Section 21(e) of the Exchange Act. However, a review of the merits of those orders is outside a district court's jurisdiction. See 15 U.S.C. § 78y(a); Sec. & Exch. Comm. v. Pinchas, 421 F. Supp. 2d 781, 783 (S.D.N.Y. 2006) (Holwell, J.).

4