UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,　　　:

　　　　　　　　　　Plaintiff,　　　　　　　　　　:

　　　-against-　　　　　　　　　　　　　　　　　　:　　06 Civ. 2360 (KMW)

COBALT MULTIFAMILY INVESTORS I, LLC　　　:
COBALT MULTIFAMILY CO. I, LLC,
COBALT CAPITAL FUNDING, LLC,　　　　　　　:
MARK A. SHAPIRO, IRVING J. STITSKY
and WILLIAM B. FOSTER,　　　　　　　　　　　:

　　　　　　　　　　Defendants, and　　　　　　　:

VAIL MOUNTAIN TRUST,　　　　　　　　　　　　　:

　　　　　　　　　　Relief Defendant.　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 1/31/18

### STIPULATION AND ORDER CONCERNING THE CONFIDENTIALITY AND HANDLING OF COBALT MATERIALS, OTHER COBALT MATERIALS, AND OTHER COBALT ITEMS

This Stipulation and Order Concerning the Confidentiality and Handling of Cobalt Materials, Other Cobalt Materials, and Other Cobalt Items, as defined herein (the "Stipulation") is entered into this 11th day of January, 2018 between Anthony Paduano, in his capacity as Court-appointed Receiver (the "Receiver") for Cobalt Multifamily Investors I, LLC, Cobalt Multifamily Co. I, LLC, Cobalt Capital Funding, LLC and Vail Mountain Trust (collectively, "Cobalt"), on the one hand, and Coleman & Balogh LLP (CA), criminal counsel for Mark Shapiro ("Shapiro"), the Law Office of K. Alfieri, criminal counsel for Shapiro, and Lewin & Lewin, LLP, criminal counsel for Irving Stitsky ("Stitsky"), on the other hand. Coleman & Balogh LLP (CA) and the Law Office of K. Alfieri are collectively referred to herein as "Shapiro's Attorneys." Lewin & Lewin, LLP is referred to herein as "Stitsky's Attorneys." The

Receiver, Shapiro's Attorneys and Stitsky's Attorneys are collectively referred to herein as the "Parties," and each as a "Party."

WHEREAS, by Order to Show Cause, Temporary Restraining Order and Order Freezing Assets and Granting Other Relief in this action, issued on March 28, 2006 by the Honorable Michael B. Mukasey, then Chief Judge for the United States District Court for the Southern District of New York, Mr. Paduano was temporarily appointed to act as Receiver for Cobalt;

WHEREAS, by further Order of this Court, dated July 20, 2006, Mr. Paduano's appointment as Receiver for Cobalt was made permanent;

WHEREAS, in November 2009, Shapiro and Stitsky were convicted of securities fraud, wire fraud, mail fraud, and conspiracy to commit securities fraud, wire fraud, and mail fraud after a trial before this Court;

WHEREAS, on July 6, 2010, Stitsky was sentenced to 85 years in prison, and is currently incarcerated;

WHEREAS, on October 21, 2010, Shapiro was sentenced to 85 years in prison, and is currently incarcerated;

WHEREAS, Shapiro's Attorneys and Stitsky's Attorneys have filed various post-conviction motions;

WHEREAS, the Receiver is in possession of Cobalt Materials, Other Cobalt Materials, and Other Cobalt Items (all as defined below), and wishes to either destroy, discard or give away such items;

WHEREAS, Shapiro's Attorneys and Stitsky's Attorneys wish to either inspect Cobalt Materials and Other Cobalt Items, and/or take possession of such material and/or items;

WHEREAS, on December 19, 2017, counsel for the Receiver wrote a letter to the Court memorializing the agreement of the Parties herein concerning the handling of Cobalt Materials, Other Cobalt Materials, and Other Cobalt Items (all as defined below) (the "Letter Agreement"), which the Court "So Ordered" on December 20, 2017 (Dkt. 408), provided that the Court would not approve a confidentiality stipulation without reading it; and

WHEREAS, it is the intent of the Parties to further memorialize the terms set forth in the Letter Agreement, and to provide for the handling and confidential treatment of such documents and materials.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED** by the undersigned as follows:

1. "Cobalt Materials" shall be defined to mean documents and/or electronic files created by or related to Cobalt, which were created prior to the appointment of the Receiver on or about March 28, 2006, regardless of when the Receiver came into possession of them. Cobalt Materials includes the approximately five Cobalt computers seized by the Receiver (collectively, the "Cobalt Computers"). Notwithstanding anything to the contrary, Cobalt Materials exclude: (a) work-product and attorney-client communications of the Receiver and/or Paduano & Weintraub LLP; (b) all of the litigation files relating to actions commenced (or contemplated to be commenced) by the Receiver and/or Paduano & Weintraub LLP; (c) the correspondence files of the Receiver and/or Paduano & Weintraub LLP concerning Cobalt; (d) all payments made and/or received by the Receiver, Paduano & Weintraub LLP and/or any of the other attorneys or professionals hired by the Receiver and/or Paduano & Weintraub LLP concerning Cobalt; and (e) personal and/or financial information about Cobalt investors, or any actual or potential owners in any Cobalt property or venture.

2. "Other Cobalt Materials" shall be defined to mean all documents and/or electronic files created by or related to Cobalt that are not included in the definition of Cobalt Materials (*e.g.*, Cobalt materials created after March 28, 2006, and those items specifically excluded from the definition of Cobalt Materials set forth above in Paragraph 1 subparts (a) – (e)).

3. "Other Cobalt Items" shall be defined to mean all items and materials that are not included in the definitions of Cobalt Materials and Other Cobalt Materials that are in the possession of the Receiver (*e.g.*, certain prints in the possession of the Receiver).

4. On or before March 22, 2018, Shapiro's Attorneys may elect to either (a) take possession of all of the Cobalt Materials in the Receiver's possession, or; (ii) review the Cobalt Materials at the offices of Paduano & Weintraub LLP in New York City, upon reasonable access, and take possession of any specific documents or items of the Cobalt Materials it wishes.

5. All costs of inspection, taking possession and delivery of any Cobalt Materials shall be bourn 100% by Shapiro's Attorneys. The Receiver and/or Paduano & Weintraub LLP shall not be required to be bear any expenses related to the inspection, transfer of possession and delivery of any Cobalt Materials to Shapiro's Attorneys.

6. With respect to the Cobalt Computers, Shapiro's Attorneys may, at its election (and bearing 100% of any related cost), on or before March 22, 2018: (a) take the entire computers, (b) take only the hard drives, or (c) make a forensic image of the hard drives. Any Cobalt Computers not taken by Shapiro's Attorneys shall be destroyed by the Receiver.

7. On or before March 22, 2018, Shapiro's Attorneys may inspect Other Cobalt Items at the offices of Paduano & Weintraub LLP in New York City, upon reasonable access. If Shapiro's Attorneys wish to take possession of any Other Cobalt Items, they shall petition the

4

Court on or before March 30, 2018. If no application to the Court is made, on or after April 1, 2018, the Receiver intends to discard or give away all Other Cobalt Items.

8. On or after April 1, 2018, the Receiver intends to destroy or discard (a) any Cobalt Materials (including any Cobalt Computers), not taken by Shapiro's Attorneys, and (b) all Other Cobalt Materials.

9. All Cobalt Materials taken by Shapiro's Attorneys shall be shared with Stitsky's Attorneys upon reasonable advance notice.

10. All Cobalt Materials taken by Shapiro's Attorneys shall be treated as confidential (whether or not so indicated on any specific document) and held in confidence by Shapiro's Attorneys and Stitsky's Attorneys (to the extent shared therewith), and will be used solely in connection with any and all current or future proceedings related to the criminal convictions, sentences and judgments of Shapiro and Stitsky. Shapiro's Attorneys and Stitsky's Attorneys shall not disclose any Cobalt Materials to any other person not in connection with such current or future proceedings related to the criminal convictions, sentences and judgments of Shapiro and Stitsky, and shall not use any Cobalt Materials for any other purpose.

11. Specifically, except with the prior written consent of the Receiver or by Order of the Court, Cobalt Materials shall not be furnished, shown, or disclosed to any person or entity except to:

   (a) Stitsky and Shapiro, but only in connection with obtaining their assistance with respect to any and all current or future proceedings related to the criminal convictions, sentences and judgments of Shapiro and Stitsky, provided they have been advised of their obligations hereunder and agree thereto in writing;

(b) Shapiro's Attorneys and Stitsky's Attorneys and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel with respect to any and all current or future proceedings related to the criminal convictions, sentences and judgments of Shapiro and Stitsky, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by Shapiro's Attorneys and Stitsky's Attorneys to furnish technical or expert services in connection with any and all current or future proceedings related to the criminal convictions, sentences and judgments of Shapiro and Stitsky; provided they have been advised of their obligations hereunder and agree thereto in writing;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; and

(f) trial and deposition witnesses.

12. Shapiro's Attorneys and Stitsky's Attorneys acknowledge that by reviewing and/or taking possession of Cobalt Materials, they may review or come into possession of Other Cobalt Materials. Shapiro's Attorneys and Stitsky's Attorneys agree that to the extent that they review any Other Cobalt Materials, they will not make a copy of or take possession of such Other Cobalt Materials or the information contained therein. Shapiro's Attorneys and Stitsky's

6

Attorneys agree that to the extent that they take possession of any Other Cobalt Materials, they will destroy such materials and all copies and extracts thereof within 24 hours of realizing that they are in possession of Other Cobalt Materials, and shall not keep a copy of any of the information contained therein. Shapiro's Attorneys and Stitsky's Attorneys agree that they will not assert any claim of waiver (or any similar argument), with respect to any Other Cobalt Materials that they reviewed and/or took possession of.

13. Shapiro's Attorneys and/or Stitsky's Attorneys may, at any time, notify the Receiver that they do not wish to treat any specific Cobalt Material as confidential. If the Receiver does not agree to declassify such document or material, Shapiro's Attorneys and/or Stitsky's Attorneys may move before this Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as confidential. If such motion is filed, the documents or other materials shall be deemed confidential unless and until the Court rules otherwise.

14. At the conclusion of their respective representations of Shapiro and Stitsky, Shapiro's Attorneys and Stitsky's Attorneys may, at their option, (a) maintain all Cobalt Materials and all copies and extracts thereof, (b) destroy all Cobalt Materials and all copies and extracts thereof; (c) provide all Cobalt Materials and all copies and extracts thereof to successor or additional counsel for Shapiro or Stitsky, as applicable, provided that such successor or additional counsel agree in writing to adhere to the terms of this Stipulation, and specifically to take on all obligations of Shapiro's Attorneys or Stitsky's Attorneys, as applicable, as set forth in this Stipulation; or (d) provide all Cobalt Materials and all copies and extracts thereof to Shapiro or Stitsky, as applicable, or their designees, provided that such person(s) agree in writing to adhere to the terms of this Stipulation, and specifically to take on all obligations of Shapiro's

Attorneys or Stitsky's Attorneys, as applicable, as set forth in this Stipulation. Notwithstanding anything to the contrary, Shapiro's Attorneys and Stitsky's Attorneys, and any successor or additional counsel for Shapiro or Stitsky, may, after the conclusion of their respective representations of Shapiro and Stitsky, retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

15. Any dispute arising out of this Stipulation shall be adjudicated before this Court in the United States District Court for the Southern District of New York. Shapiro's Attorneys and Stitsky's Attorneys expressly consent to personal jurisdiction in the Southern District of New York solely for purposes of the adjudication of any such dispute.

**[The remainder of this page is intentionally blank]**

16. This Agreement may be signed in counterparts, each of which shall constitute an original and all of which, taken together, shall constitute one and the same document. The delivery of an executed copy of this Agreement by facsimile or electronic mail (e.g. PDF) shall be legal and binding and shall have the same force and effect as if an original executed copy of this Agreement had been delivered.

**PADUANO & WEINTRAUB LLP**

*/s/ Leonard Weintraub*

By: Leonard Weintraub
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
telephone: (212) 785-9100
telecopier: (212) 785-9099
LW@pwlawyers.com

Counsel for the Receiver

**LEWIN & LEWIN, LLP**

_____
By: Nathan Lewin
888 17th Street, 4th Floor
Washington, D.C. 20006
nat@lewinlewin.com

Criminal Counsel for Irving Stitsky

SO ORDERED:

**COLEMAN & BALOGH LLP (CA)**

_____
By: Ethan Atticus Balogh
235 Montgomery Street, Suite 1070
San Francisco, California 94104
eab@colemanbalogh.com

Criminal Counsel for Mark Shapiro

**LAW OFFICE OF K. ALFIERI**

_____
By: Katherine Alfieri
P.O. Box 460238
San Francisco, California 94146
alfierilaw@gmail.com

Criminal Counsel for Mark Shapiro

*[Handwritten note:]* It is not clear to the undersigned why the Court needs to be involved in shielding these documents from other parties. Counsel can move to seal, document by document, any material that warrants sealing. Apart from that, this is simply a stipulation among counsel that does not warrant a court order.

*/s/ Kimba M. Wood* 1-30-18
Kimba M. Wood
U.S.D.J.

9

16. This Agreement may be signed in counterparts, each of which shall constitute an original and all of which, taken together, shall constitute one and the same document. The delivery of an executed copy of this Agreement by facsimile or electronic mail (e.g. PDF) shall be legal and binding and shall have the same force and effect as if an original executed copy of this Agreement had been delivered.

PADUANO & WEINTRAUB LLP

By: Leonard Weintraub
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
telephone: (212) 785-9100
telecopier: (212) 785-9099
LW@pwlawyers.com

Counsel for the Receiver

LEWIN & LEWIN, LLP

By: Nathan Lewin
888 17th Street, 4th Floor
Washington, D.C. 20006
nat@lewinlewin.com

Criminal Counsel for Irving Stitsky

COLEMAN & BALOGH LLP (CA)

By: Ethan Atticus Balogh
235 Montgomery Street, Suite 1070
San Francisco, California 94104
eab@colemanbalogh.com

Criminal Counsel for Mark Shapiro

LAW OFFICE OF K. ALFIERI

By: Katherine Alfieri
P.O. Box 460238
San Francisco, California 94146
alfierilaw@gmail.com

Criminal Counsel for Mark Shapiro

SO ORDERED:

_____
Kimba M. Wood
U.S.D.J.

9

16. This Agreement may be signed in counterparts, each of which shall constitute an original and all of which, taken together, shall constitute one and the same document. The delivery of an executed copy of this Agreement by facsimile or electronic mail (e.g. PDF) shall be legal and binding and shall have the same force and effect as if an original executed copy of this Agreement had been delivered.

| PADUANO & WEINTRAUB LLP | COLEMAN & BALOGH LLP (CA) |
|---|---|
| By: Leonard Weintraub<br>1251 Avenue of the Americas, 9th Floor<br>New York, New York 10020<br>telephone: (212) 785-9100<br>telecopier: (212) 785-9099<br>LW@pwlawyers.com<br><br>Counsel for the Receiver | By: Ethan Atticus Balogh<br>235 Montgomery Street, Suite 1070<br>San Francisco, California 94104<br>eab@colemanbalogh.com<br><br>Criminal Counsel for Mark Shapiro |
| LEWIN & LEWIN, LLP | LAW OFFICE OF K. ALFIERI |
| *Nathan Lewin/llp*<br>By: Nathan Lewin<br>888 17th Street, 4th Floor<br>Washington, D.C. 20006<br>nat@lewinlewin.com<br><br>Criminal Counsel for Irving Stitsky | By: Katherine Alfieri<br>P.O. Box 460238<br>San Francisco, California 94146<br>alfierilaw@gmail.com<br><br>Criminal Counsel for Mark Shapiro |

SO ORDERED:

_____
Kimba M. Wood
U.S.D.J.

9